■ THEODORE GRIECO, JR., Appellant, v FRANCIS FUGARO, Respondent.—Order, Supreme Court, New York County, entered July 19, 1977, granting defendant's motion to dismiss the complaint for failure to comply with sections 50-d and 50-e of the General Municipal Law, affirmed, without costs or disbursements, and without prejudice to an application by plaintiff, pursuant to subdivisions 5 and 7 of section 50-e of the General Municipal Law, for leave to file a late notice of claim or to deem his summons and complaint in the Federal action to be a timely notice of claim. The dissent adequately sets forth the salient facts. Suffice to say, our grant of leave to plaintiff to seek judicial acceptance, *nunc pro tunc,* of a summons and complaint, in lieu of a notice of claim, is not an invitation to an exercise in futility. The summons and complaint were served in a Federal court action

on the same claim of malpractice as is asserted here. That action was commenced within a year and 90 days of accrual. Subsequent to the dismissal of the Federal action for noncompliance with subdivision 2 of section 52 of the County Law and section 50-e of the General Municipal Law, the former section was repealed and the latter section amended, effective September 1, 1976, but applied retroactively (see *Matter of Smalls v New York City Health & Hosps. Corp.,* 55 AD2d 537), so that service of a notice of claim upon the employee of a county or public corporation was no longer required. However, service of a notice of claim upon the county or public corporation is still required in a suit against its employee if the former has a statutory obligation to indemnify (General Municipal Law, § 50-e, subd 1, par [b]), as apparently is the case here. Hence, it is incumbent upon plaintiff to show compliance with section 50-e. The amendment also vested the court with broad discretionary powers to extend the time to serve a notice of claim to as much as one year and 90 days after accrual of the cause of action. There can be no dispute that the summons and complaint in the Federal action served to provide the county hospital and its attorneys with actual knowledge of the essential facts of the claim. In addition, we are persuaded to leave open the opportunity for plaintiff to seek late filing acceptance on the basis of a record which totally fails to disclose the existence of any hint of substantial prejudice in maintaining a defense on the merits, should such summons and complaint be deemed a notice of claim. Furthermore, at the time of the commencement of the Federal action, there was obvious confusion as to whether Memorial Hospital of Greene County, the county hospital originally sued, was a legal entity with an identity separate and and distinct from Memorial Hospital of Greene County, Inc., a membership corporation. Moreover, it appears that in rejecting, as statutorily deficient, the service of the summons and complaint Special Term overlooked compelling evidence that the summons and complaint were, in fact, received by a proper person for such service. (General Municipal Law, § 50-e, subd 3.) No claim of lack of jurisdiction due to improper service was ever asserted in the Federal proceeding. Finally, we are not unmindful of the possibility that the Statute of Limitations may have run since the commencement of this action. In such event, plaintiff may avail himself of the relief provided for in CPLR 205. The appeal from the order entered June 15, 1977, denying plaintiff's motion for reargument, is unanimously dismissed as nonappealable, without costs or disbursements. Concur—Birns, Lane, Sandler and Sullivan, JJ.; Lupiano, J. P., dissents in part in a memorandum as follows: Plaintiff was treated by defendant physician at Memorial Hospital of Greene County on January 13, 1974. He commenced a medical malpractice action against the treating physician and the county hospital which employed him in Federal court some seven months after the alleged negligent treatment. The Federal court dismissed the action on the ground that plaintiff had failed to file a notice of claim within the time limitation set forth in subdivision 2 of section 52 of the County Law and section 50-e of the General Municipal Law. This determination was affirmed by the Second Circuit Court of Appeals on April 10, 1975. Subsequently the County Law was amended to remove the necessity of notice where the employee only is sued and there is no indemnification on the part of the employer. Section 50-e of the General Municipal Law was liberalized, effective September 1, 1976, to vest in the courts broader discretion in deciding whether to extend the time to serve a notice of claim beyond the 90-day period, but in no event beyond one year and 90 days. In January, 1977, plaintiff commenced the instant malpractice action against

the doctor only. Plaintiff argues that Special Term erred in dismissing his action for failure to comply with sections 50-e and 50-d of the General Municipal Law because the summons and complaint served in the Federal action should be deemed a timely notice of claim within the ambit of said section. I perceive no abuse or error in Special Term's determination on this record. The issue of whether leave should be granted plaintiff to have the Federal court summons and complaint deemed a notice of claim *nunc pro tunc* was raised before Special Term and rejected. Indeed, Special Term in its memorandum opinion denying plaintiff's motion for reargument, stated: "All of the matters * * * were considered by the Court in its prior holding, and consideration was given to the more liberalized procedures authorized by the recent statute. That a summons and complaint in a Federal Court action was served by Plaintiff on the Memorial Hospital of Greene County * * * does not alter the fact that such summons and complaint * * * was not served * * * on the Officials of Greene County specified in Section (4) of the C.P.L.R." The issue of whether leave should be granted plaintiff to have the Federal court summons and complaint deemed a notice of claim *nunc pro tunc* having been raised and considered, and viewing the broad powers of this appellate tribunal to correct error, if any, there is no justification other than an exaltation of form over substance in affirming Special Term's determination, but with leave to plaintiff to *formally* seek leave to have the Federal pleading deemed a notice of claim *nunc pro tunc.* Accordingly, the order of the Supreme Court, New York County, entered July 19, 1977, which granted defendant's motion to dismiss the complaint in this medical malpractice action for plaintiff's failure to comply with sections 50-e and 50-d of the General Municipal Law, should be affirmed, and the appeal from the order of said court entered on June 15, 1977, denying plaintiff's motion for reargument, should be dismissed as nonappealable.