OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, defendants’ motion for summary judgment granted, and the certified question answered in the negative.
Plaintiff, born June 3, 1970 at Morrisania Hospital in New York City, commenced this malpractice action against six physicians for injuries allegedly sustained as a result of a negligently induced premature birth. Morrisania was operated by the City of New York until July 1, 1970, when control was transferred to the New York City Health and Hospitals Corporation (HHC).
In 1982, a notice of claim was served upon the Comptroller of the City of New York, and in 1983 Supreme Court permitted plaintiff to serve HHC with a late notice of claim. The notice served on the City was untimely, having been served more than 10 years after plaintiff’s birth. Thus if such notice was a prerequisite to this action, Supreme Court properly dismissed the complaint.
In June 1970, when the cause of action accrued, General Municipal Law § 50-d (1) required every "municipal corporation” to assume liability for, and save harmless, physicians who treat persons "without receiving compensation from such person in a public institution maintained in whole or in part by the municipal corporation.” No action could be commenced against such physicians unless the notice of claim procedure was followed (General Municipal Law former § 50-d [2]), which plaintiff concededly failed to do in this case.
Although the Appellate Division divided over the employment status of the physicians on June 3, 1970, resolution of that issue is unnecessary to our disposition. Rather, the proper inquiry is whether (i) the hospital was "maintained in whole or in part” by the City on June 3, 1970; and (ii) the physicians performed services without being compensated by the patient (see, General Municipal Law former § 50-d [1]; Norr v Spiegler, 56 AD2d 389, 392-393, affd 44 NY2d 809). If both prongs are satisfied, then the vicarious liability, indemnity and notice of claim provisions of General Municipal Law former § 50-d apply, regardless of the technical employment status of the physicians.
*733 Inasmuch as it is undisputed that the City of New York maintained Morrisania on June 3, 1970, and the physicians did not charge plaintiffs mother for their services, a timely notice of claim was required. Accordingly, Supreme Court properly granted defendants’ motion for summary judgment dismissing the complaint.
Plaintiffs remaining contentions are without merit.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Smith taking no part.
Order reversed, etc.