(December 29, 1995)

■ KAREN ALMODOVAR, Appellant, v METHODIST HOSPITAL et al., Respondents. [635 NYS2d 700] —In an action to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated December 2, 1993, which granted the branch of the defendant Methodist Hospital's motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages for emotional and psychological distress and granted the defendant Gladys Memnon's motion for summary judgment dismissing the complaint insofar as it is asserted against her.

Ordered that the order is modified by deleting the provision thereof granting the defendant Gladys Memnon's motion for summary judgment and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff payable by the defendant Gladys Memnon.

The stillbirth of the plaintiff's child was allegedly caused by the medical malpractice of, *inter alia*, the defendant Gladys Memnon, the attending obstetrician who was on call at the defendant hospital when the plaintiff was admitted there. The Supreme Court granted Dr. Memnon's motion for summary judgment and dismissed the complaint insofar as it is asserted against her. We reverse.

The proponent of a summary judgment motion bears the burden of coming forward with sufficient proof to establish entitlement to judgment as a matter of law by proffering sufficient evidence to show the absence of material issues of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851).

Although Dr. Memnon presented evidence that she was not

at the hospital at the time of the stillbirth, by her own admission, she returned to the hospital immediately after she was paged on her beeper. Accordingly, there are issues of fact that preclude the granting of summary judgment to Dr. Memnon, including the exact nature and extent of her duties as the attending obstetrician who was on call at the time of the stillbirth.

That part of the order which granted the motion of the defendant Methodist Hospital is affirmed for reasons stated by Justice Clemente at the Supreme Court. Sullivan, J. P., Altman, Hart and Friedmann, JJ., concur.