■ RUTH MARCUS et al., Appellants-Respondents, v ELSA K. RAHN, Respondent-Appellant. [641 NYS2d 357] —In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated September 29, 1994, as, upon reargument, adhered to its prior determination dated April 26, 1994, granting the branch of the defendant's motion which was for summary judgment dismissing the first cause of action and the defendant cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the second cause of action.

Ordered that the order is affirmed, without costs or disbursements.

During the period from June 1991 until September 17, 1991, the plaintiff Ruth Marcus (hereinafter Marcus) was a private patient under the care of the defendant, an ophthalmologist. On September 18, 1991, Marcus was admitted to Nassau County Medical Center (hereinafter the Center), a municipal corporation, where the defendant performed cataract surgery. Marcus was discharged on September 24, 1991, and thereafter the defendant treated her in the Center's ophthalmology clinic until December 26, 1991. As a result of the surgery Marcus alleged that her vision became impaired.

On September 20, 1993, almost two years after Marcus's treatment at the Center, the plaintiffs commenced an action against the defendant seeking damages for malpractice and lack of informed consent, etc. The defendant moved to dismiss the complaint claiming that the plaintiffs were time-barred by the one-year-and-ninety-day Statute of Limitations for claims against municipalities and their employees (*see,* General Municipal Law §§ 50-e, 50-d). The Supreme Court dismissed the cause of action sounding in malpractice as untimely under the General Municipal Law, but did not dismiss the cause of action to recover damages for lack of informed consent holding that "if there was a failure to properly warn [Marcus], it occurred in the defendant's private office". We affirm.

With respect to the cause of action sounding in malpractice the essential inquiry is whether (1) the hospital was maintained in whole or in part by the municipality at the time the medical service was rendered, and (2) whether the physician performed services without being compensated by the patient (*see, Pedrero v Moreau,* 81 NY2d 731, 732). There was no dispute as to the first factor. As to the second factor, Marcus's contention that she compensated the defendant for the surgical services was belied by the record. Therefore, since the plaintiffs did not commence this action against the defendant within one-year-and-ninety-days after the surgery, the Supreme Court properly granted summary judgment as to the cause of action sounding in malpractice. The plaintiffs' remaining contentions as to the malpractice cause of action are without merit.

With respect to the cause of action to recover damages for lack of informed consent, the fact that the plaintiffs were time-barred from pursuing the malpractice claim does not necessarily mean that the lack of informed consent claim is similarly barred. It is clear that the defendant had the obligation to obtain Marcus's informed consent at some point prior to the surgery (*see,* Public Health Law § 2805-d). While there is no bright line test to determine when the defendant's obligation to obtain Marcus's consent arose, it stands to reason that the defendant, who diagnosed and thereafter continuously treated Marcus, should have discussed the surgical procedure and its ramifications with her prior to the time when Marcus entered the hospital for surgery. Accordingly, the defendant's failure to obtain Marcus's informed consent when she was a private patient gives rise to a distinct cause of action which accrued prior to the time when the cause of action to recover damages for malpractice accrued (*see generally, Jolly v Russell,* 203 AD2d 527; *Iazzetta v Vincezi,* 200 AD2d 209). Thus the cause of

action to recover damages for lack of informed consent is not subject to the time limitations of the General Municipal Law. However, on the record before us we cannot determine whether the defendant, either in her private or municipal capacity, obtained Marcus's informed consent. Therefore, the Supreme Court properly denied summary judgment dismissing the cause of action to recover damages for lack of informed consent. Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.