(December 22, 1997)

■ RENEE ADAMS, Appellant, v MARIAN BOBB-McKOY et al., Respondents. [666 NYS2d 701] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 13, 1997, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against two physicians who allegedly treated her at the Brentwood Family Health Center (hereinafter the Health Center). The defendants moved to dismiss the complaint, *inter alia,* on the ground that the plaintiff failed to serve a notice of claim upon the County of Suffolk as required by General Municipal Law § 50-d (2) and § 50-e. The defendants contended that the notice of claim

requirement was applicable because the Health Center was a facility owned, managed, and operated by the County of Suffolk and because the defendants did not receive any compensation from the plaintiff for the services rendered. The Supreme Court granted the motion to dismiss.

As accurately stated by the Supreme Court, the relevant inquiry in this matter is whether (1) the facility at which the plaintiff received treatment was maintained in whole or in part by the County at the time the medical services were rendered, and (2) the defendant physicians performed services without being compensated therefor by the plaintiff (*see,* General Municipal Law § 50-d [1]; *Pedrero v Moreau,* 81 NY2d 731; *Marcus v Rahn,* 226 AD2d 597). There is no dispute as to the first factor, since the plaintiff concedes that the Health Center is maintained by the County. Moreover, the defendants have demonstrated as a matter of law, through the submission of their own affirmations as well as the affidavit of the principal financial analyst for the County, that all payments made by the plaintiff for medical services rendered to her at the Health Center were made directly to the Health Center and not to the defendants. The plaintiff's mere conclusory assertion that she "understood" that her payments would go to the individual physicians who treated her was insufficient to rebut the defendants' evidence (*see generally, Mayer v McBrunigan Constr. Corp.,* 105 AD2d 774). Accordingly, the Supreme Court properly granted the motion to dismiss. Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.