■ Rosa Castillo, Respondent, v John D. Zimmerly et al., Appellants, et al., Defendant. [688 NYS2d 148] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about February 3, 1998, which granted plaintiff's motion to dismiss defendants-appellants' affirmative defense premised on plaintiff's alleged noncompliance with General Municipal Law § 50-e, and denied defendants-appellants' cross motion to dismiss the complaint for plaintiff's failure to satisfy the conditions set forth in General Municipal Law § 50-e or, alternatively, for a change of venue, and order, same court and Justice, entered June 3, 1998, which, to the extent appealable, denied defendants-appellants' motion to renew, unanimously affirmed, with costs.

Defendant-appellant physicians did not demonstrate on their original motion that Southside Hospital was a public institution maintained in whole or in part by the County of Suffolk, and, accordingly, failed to establish that plaintiff was required to file a notice of claim as a condition of maintaining this malpractice action against the hospital and physicians who practiced there (see, General Municipal Law § 50-d [1], [2]; cf., Norr v Spiegler, 56 AD2d 389, affd 44 NY2d 809).

Venue was properly set in Bronx County and defendants-appellants failed to justify their request for the action's removal by establishing that material witnesses would be inconvenienced by a trial held in the Bronx (see, Cardona v Aggressive Heating, 180 AD2d 572).

The motion to renew was properly denied since it did not present new or additional facts unknown to defendant-

appellant physicians at the time of their original motion and no valid excuse was presented for the failure to include the "new" matter on the original motion (*see, 300 W. Realty Co. v City of New York*, 99 AD2d 708, *appeal dismissed* 63 NY2d 952). Concur—Nardelli, J. P., Tom, Lerner and Mazzarelli, JJ.