■ CLAUDIA CLARK, Respondent-Appellant, v GEORGE FERZLI et al., Appellants-Respondents. [726 NYS2d 565] —In an action to recover damages for medical malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated April 18, 2000, as granted that branch of the plaintiff's motion which was for leave to amend her complaint to add a cause of action to recover damages based on a lack of informed consent, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as purportedly denied that branch of her motion which was to strike the answers of the defendants George Ferzli, Jerzy Macura, and Staten Island University Hospital.

Ordered that the cross appeal is dismissed; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action to recover damages for lack of informed consent is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The Supreme Court erred in granting that branch of the plaintiff's motion which was for leave to amend her complaint to add a cause of action to recover damages for lack of informed consent. The plaintiff's proposed amendment was time-barred and did not satisfy the requirements of CPLR 203 (f). The original complaint alleging, *inter alia*, malpractice during a surgical procedure, did not give notice of the transactions or occurrences underlying the proposed amended complaint, i.e., a failure to advise the plaintiff's decedent of the risks of the procedure (*see, Quinones v Waltz,* 258 AD2d 420; *Jolly v Russell,* 203 AD2d 527; *Smith v Bessen,* 161 AD2d 847; *see also, Marcus v Rahn,* 226 AD2d 597).

The Supreme Court did not rule on that branch of the plaintiff's motion which was to strike the answers of the defendants George Ferzli, Jerzy Macura, and Staten Island University Hospital. Accordingly, that branch of the motion is still pending and undecided, and the plaintiff's arguments are not properly before this Court (*see, Gribbin v Kearns,* 260 AD2d 601; *Katz v Katz,* 68 AD2d 536).

The parties' other contentions are without merit. Bracken, P. J., S. Miller, McGinity and Schmidt, JJ., concur.