■ Carol Campanelli, Respondent, v Flushing Ultrasound Services, Inc., Appellant, et al., Defendants. (Action No. 1.) Medical Malpractice Insurance Association et al., Respondents, v County of Nassau, Appellant, et al., Defendants. (Action No. 2.) [730 NYS2d 543] —In two related actions, *inter alia,* to recover damages for negligence (Action No. 1) and for a judgment declaring that the defendant County of Nassau has the duty to defend and indemnify the plaintiff Andresito Pacis in that action (Action No. 2), Flushing Ultrasound Services, Inc., a defendant in Action No. 1 appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered April 16, 2001, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it in that action, and the County of Nassau, a

defendant in Action No. 2, separately appeals, as limited by its brief, from so much of the same order as granted the motion of the defendants Medical Malpractice Insurance Association and Andresito Pacis for summary judgment declaring that the County has a duty to defend and indemnify Dr. Pacis.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the appellants, and the matters are remitted to the Supreme Court, Nassau County, for the entry of a judgment in Action No. 2 declaring that the County of Nassau has the duty to defend and indemnify Andresito Pacis in Action No. 1.

The plaintiff in Action No. 1, Carol Campanelli, had a mammogram performed at the defendant Nassau County Department of Health. Although she received a report indicating that the mammogram revealed no suspicious findings, she was subsequently diagnosed with metastatic cancer.

The plaintiff commenced Action No. 1, a negligence action, against the County of Nassau (hereinafter the County), the Nassau County Department of Health, Flushing Ultrasound Services, Inc. (hereinafter Flushing Ultrasound), and Dr. Andresito Pacis (hereinafter Dr. Pacis). The County retained Flushing Ultrasound to read and interpret mammograms. Flushing Ultrasound had obtained an insurance policy to cover any professional liability claims made against radiologists and also agreed that it would defend and hold harmless the County against any claims or lawsuits.

Dr. Pacis, the radiologist who reviewed and prepared the report with respect to the plaintiff's mammogram, was paid by Flushing Ultrasound according to the number of mammograms or X-ray films that he read, and was covered under a malpractice policy issued by the Medical Malpractice Insurance Association (hereinafter MMIA). Dr. Pacis requested that the County provide him with a defense in the negligence action, and the County refused. Thereafter, MMIA and Dr. Pacis commenced Action No. 2, seeking a declaration that the County has a duty to defend and indemnify him.

In the negligence action, Flushing Ultrasound moved for summary judgment dismissing the complaint on the ground that it was not vicariously liable for the acts of Dr. Pacis since he was an independent contractor. In the declaratory judgment action, MMIA and Dr. Pacis also moved for summary judgment in their favor, seeking a declaration that the County has a duty to defend and indemnify Dr. Pacis, pursuant to General Municipal Law § 50-d. The Supreme Court denied the motion of Flushing Ultrasound, finding that there were triable issues

of fact. However, the Supreme Court granted the motion of MMIA and Dr. Pacis, finding that neither the doctor's employment status nor the fact that Flushing Ultrasound agreed to indemnify the County avoided the statutory obligation imposed by General Municipal Law § 50-d.

The Supreme Court properly denied the summary judgment motion of Flushing Ultrasound in the negligence action. Contrary to Flushing Ultrasound's contention, there is a triable issue as to whether Pacis was retained as an employee or as an independent contractor (see, Felter v Mercy Community Hosp., 244 AD2d 385, 386; Felice v St. Agnes Hosp., 65 AD2d 388, 396).

In Action No. 2, the declaratory judgment action, the Supreme Court also correctly determined that the County has a duty to defend and indemnify Dr. Pacis, as neither the doctor's employment status nor the contractual provision wherein Flushing Ultrasound agreed to indemnify the County avoided the statutory obligation imposed by General Municipal Law § 50-d (see, Pedrero v Moreau, 81 NY2d 731; Norr v Spiegler, 44 NY2d 809).

The County's remaining contentions are either without merit or are improperly raised for the first time on appeal (see, Goldblatt v LaShellda Maintenance Co., 278 AD2d 451; Matter of ELRAC, Inc. v Edwards, 270 AD2d 414).

We note that since Action No. 2 is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment declaring that the County has the duty to defend and indemnify Dr. Pacis in Action No. 1 (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901). O'Brien, J. P., Friedmann, Smith and Cozier, JJ., concur.