■ KERLINE THAW et al., Respondents, v WILLIAM ONYE-BEKE, Appellant, et al., Defendants. [742 NYS2d 844] —In an action, inter alia, to recover damages for medical malpractice, the defendant William Onyebeke appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated July 20, 2001, which, in effect, granted the plaintiffs' motion to strike the third affirmative defense in his verified answer and for leave to serve a late notice of claim, and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him for failure to comply with General Municipal Law § 50-e.

Ordered that the order is modified by deleting the provision thereof granting that branch of the plaintiffs' motion which was for leave to serve a late notice of claim, and substituting therefor a provision denying that branch of the motion as unnecessary; as so modified, the order is affirmed, with costs to the plaintiffs.

General Municipal Law § 50-d (1) requires a municipal corporation "to assume liability for, and save harmless, physicians who treat persons 'without receiving compensation from such person in a public institution maintained in whole or in part by the municipal corporation' " (Pedrero v Moreau, 81 NY2d 731, 732). An action commenced against such a physician must be preceded by the filing of a notice of claim (see General Municipal Law § 50-d [2]).

The Supreme Court properly determined that the appellant, William Onyebeke, a physician, was not entitled to the benefit of the provisions of General Municipal Law § 50-d because the defendant Southside Hospital was not a public institution maintained in whole or in part by the County of Suffolk (hereinafter the County) (*see* General Municipal Law § 50-d; *Pedrero v Moreau, supra*; *Castillo v Zimmerly,* 260 AD2d 243). The alleged contract between the County and Southside Hospital for the provision of medical services to patients of the County's health clinic did not transform the hospital into a public institution within the meaning of General Municipal Law § 50-d (*see Pedrero v Moreau, supra*).

It was unnecessary for the Supreme Court to grant that branch of the plaintiffs' motion which was for leave to serve a late notice of claim. No notice of claim was required under General Municipal Law § 50-d (2) in this action to recover damages for malpractice which allegedly occurred at Southside Hospital at the time of the delivery of the infant plaintiff.

The appellant's remaining contentions are without merit. Florio, J.P., Smith, Krausman and Townes, JJ., concur.