In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Burke, J.), entered September 27, 2002, which denied their preanswer motion to dismiss the complaint pursuant to CFLR 3211 (a) (5) and (7).
Ordered that the order is affirmed, with costs.
Contrary to the defendants’ assertion, the holding in an underlying declaratory judgment action (see Campanelli v Flushing Ultrasound Servs., 287 AD2d 428 [2001]) did not collaterally estop the County of Nassau from seeking damages against the defendants for breach of contract for failure to provide a defense and indemnification or to procure liability insurance. The defendants failed to demonstrate that the issues *558 were identical (see State of New York v County of Sullivan, 43 NY2d 815 [1977]; cf. Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349-350 [1999]). Further, the County properly set forth causes of action alleging breach of contract.. The fact that it is statutorily obligated to defend and indemnify the physician (see General Municipal Law § 50-d) does not bar it from seeking to enforce its contract with Flushing Ultrasound, Inc. (see generally Rogers v Dorchester Assoc., 32 NY2d 553, 562-563 [1973]; Kinney v Lisk Co., 76 NY2d 215 [1990]).
We decline to address the defendants’ contention, raised for the first time on appeal (see Matter of ELRAC, Inc. v Edwards, 270 AD2d 414, 415 [2000]), that the causes of action asserted against the defendant Adele M. Romano, an alleged officer, manager, and shareholder of Flushing Ultrasound, Inc., should be dismissed because she cannot be held personally liable on a contract entered into on behalf of the corporation. Prudenti, EJ., Altman, Smith and Crane, JJ., concur.