■ HORTENSE LEVY, Respondent, v NASSAU HEALTH CARE CORPORATION et al., Defendants, and STEVEN M. ERLANGER et al., Appellants. [833 NYS2d 403]—In an action to recover damages for medical malpractice, the defendants Steven M. Erlanger, M.D., P.C., and Steven M. Erlanger appeal from an order of the Supreme Court, Nassau County (Parga, J.), dated March 24, 2006, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted against the defendants Steven M. Erlanger, M.D., P.C., and Steven M. Erlanger is granted.

The plaintiff was required to serve on the appellants a notice of claim pursuant to General Municipal Law §§ 50-d and 50-e, as the facility at which the plaintiff received treatment was maintained in whole or in part by a public institution at the time the medical services were rendered, and the defendant physicians performed services without being compensated therefor by the plaintiff (*see Pedrero v Moreau,* 81 NY2d 731, 732 [1992]; *Adams v Bobb-McKoy,* 245 AD2d 474, 475 [1997]; *Marcus v Rahn,* 226 AD2d 597, 598 [1996]). The plaintiff failed to serve the notice of claim.

In any event, the appellants satisfied their prima facie burden of establishing that there was no physician-patient relationship (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zimmerly v Good Samaritan Hosp.,* 261 AD2d 614 [1999]; *Leon v Southside Hosp.,* 227 AD2d 384, 385 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *cf. Gier v CGF Health Sys.,* 307 AD2d 729, 730 [2003]; *Campbell v Haber,* 274 AD2d 946 [2000]; *Almodovar v Methodist Hosp.,* 222 AD2d 630 [1995]).

In light of our determination, we need not address the appellants' remaining contention. Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.