In the Matter of Julio Zhumi, Respondent, v County of Suffolk et al., Appellants. [889 NYS2d 670]—

Dr. Lawrence Minei and Dr. Hiramani Pardanani provided the petitioner's wife with prenatal care, and the petitioner's daughter with postnatal care, at South Brookhaven Family Health Center-West (hereinafter the Health Center). The Health Center is owned by the County of Suffolk. However, the Health Center is staffed and operated by employees of Brookhaven Memorial Hospital Medical Center (hereinafter the Hospital), a private hospital neither owned nor maintained by the County.

The petitioner alleges that his daughter sustained certain injuries as a result of medical malpractice committed by Dr. Minei and Dr. Pardanani during her mother's labor and during her delivery, both of which took place at the Hospital. Indeed, the petitioner commenced an action on his daughter's behalf against Dr. Minei, Dr. Pardanani, and the Hospital, seeking to recover damages, inter alia, for medical malpractice.

The petitioner was prompted to commence the instant proceeding by Dr. Minei's and Dr. Pardanani's answer in the medical malpractice action. In their answer, those doctors essentially alleged as an affirmative defense that the petitioner failed to comply with a condition precedent to bringing suit against them, in that he had to, and failed to, comply with the notice of claim requirement set forth in General Municipal Law § 50-d (2).

General Municipal Law § 50-d, entitled "[m]unicipal liability for malpractice of certain physicians . . . in public institutions," provides, in relevant part, that "every municipal corporation shall be liable for, and shall assume the liability, to the extent that it shall save him harmless, of any . . . physician . . . rendering medical services . . . of any kind to a person without receiving compensation from such person in a public institution maintained in whole or in part by the municipal corporation . . . for damages for personal injuries alleged to have been sustained by such person by reason of the malpractice of such . . . physician . . . while engaged in the rendition of such services" (General Municipal Law § 50-d [1]).

In an instance where General Municipal Law § 50-d (1) is applicable, General Municipal Law § 50-d (2) would provide a "benefit" (*Thaw v Onyebeke*, 294 AD2d 490 [2002]) or "protection" (*Kramer v City of New York*, 157 AD2d 404, 407 [1990]) to the physician, in that the patient would have to serve a notice of claim as a condition precedent to commencing an action against the physician to recover damages for medical malprac-

tice. The notice of claim would have to be served upon the municipality, which, although not necessarily a defendant in the medical malpractice action, still has an interest in that action, in that the municipality has a "statutory obligation" to indemnify the physician, who is deemed to be the municipality's "employee" (General Municipal Law § 50-d [1]), in that action (*Grieco v Fugaro*, 61 AD2d 903, 904 [1978]; *see* General Municipal Law § 50-e [1] [b]).

However, the petitioner repeatedly represented that in the medical malpractice action, he is not alleging that medical malpractice was committed in connection with the prenatal and postnatal care given at the Health Center, and is only alleging that medical malpractice was committed in connection with the labor and delivery at the Hospital. This is because his expert obstetrician, who examined the medical records associated with the prenatal care, the labor and delivery, and the postnatal care, was only able to opine that Dr. Minei and Dr. Pardanani departed from accepted medical practice in certain respects from the time the petitioner's wife arrived at the Hospital's emergency room in labor to the time the petitioner's daughter was delivered at the Hospital. Because the alleged medical malpractice did not occur while Dr. Minei and Dr. Pardanani were "render[ing] . . . medical services . . . in a public institution maintained in whole or in part by" the County, the County clearly would not have a statutory obligation under General Municipal Law § 50-d (1) to indemnify Dr. Minei and Dr. Pardanani in that action. Hence, the petitioner clearly does not have an obligation under General Municipal Law § 50-d (2) to serve the County with a notice of claim as a condition precedent to commencing that action. Accordingly, that branch of the petition which concerns the County should have been denied as unnecessary (*see Thaw v Onyebeke*, 294 AD2d at 491; *see also Castillo v Zimmerly*, 260 AD2d 243 [1999]).

The remaining branches of the petition must also be denied as unnecessary, but for different reasons. Even if General Municipal Law § 50-d applied, there would be no requirement of service of a notice of claim upon Dr. Minei and Dr. Pardanani as a condition precedent to commencing an action against them (*see* General Municipal Law § 50-e [1] [b]; *Delgado v Connolly*, 246 AD2d 484, 485 [1998]). Furthermore, because the petitioner sought to have the notices of claim deemed timely served upon the County, which, as noted above, owned the Health Center, that branch of the petition concerning the Health Center was superfluous. Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.