■ DUVAR AYERS et al., Respondents-Appellants, v AVINASH MOHAN, M.D., et al., Defendants, and RAUL ULLOA, M.D., et al., Appellants-Respondents. [62 NYS3d 58]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered May 27, 2016, which, to the extent appealed from as limited by the briefs, upon reargument of defendants Raul Ulloa, M.D. and Correct Care Solutions, LLC's (CCS) motion, granted summary judgment dismissing the amended complaint as to Dr. Ulloa, and adhered to its prior denial of summary judgment as to CCS, unanimously affirmed, without costs.

Dr. Ulloa is a physician who provided medical treatment to plaintiff Duvar Ayers at the infirmary at nonparty Westchester County Jail (jail), where plaintiff was incarcerated. Pursuant to a contract between Westchester County (County), a municipal corporation, and New York Correct Care Solution Medical Services, P.C. (NYCCS), NYCCS agreed to provide medical services to the inmates at the County's Department of Correction (the Contract). By guaranty agreement executed on the same date, CCS agreed to guarantee NYCCS' performance under the Contract (the Guaranty).

CCS failed to make a prima facie showing that it is not a proper party to this action. The Contract naming NYCCS and the County as the contracting parties is not dispositive, particularly in the absence of any affidavits or other evidence establishing that CCS is a separate and distinct entity. Further, defendants relied on correspondence sent by defense counsel to the Federal District Court (before the instant action was remanded to Bronx County Supreme Court), which admitted that CCS had contracted with the County and that Dr. Ulloa was employed by CCS. This correspondence constitutes an informal judicial admission that raises a triable issue of fact as to whether CCS is a proper party to the action (*see GJF Constr., Inc. v Sirius Am. Ins. Co.*, 89 AD3d 622, 626 [1st Dept 2011]).

Even if defendants had met their prima facie burden, plaintiffs' opposing papers, which include the Guaranty and the injured plaintiff's medical records from the infirmary bearing the CCS logo, raised a triable issue of fact sufficient to defeat CCS's motion for summary judgment. Accordingly, Supreme Court correctly denied summary judgment as to CCS.

Supreme Court also correctly granted summary judgment as to Dr. Ulloa. The jail is a public institution within the meaning of General Municipal Law § 50-d (*see e.g. Shakur v McGrath*, 517 F2d 983 [2d Cir 1975]), maintained in whole or in part by the County, as evidenced by the Contract. Moreover, Dr. Ulloa

did not receive compensation for his services from his inmate patients. Thus, Dr. Ulloa falls within the ambit of General Municipal Law § 50-d, which imposes a statutory obligation on the County to indemnify and defend Dr. Ulloa against medical malpractice claims and required plaintiffs to serve a notice of claim on the County in compliance with General Municipal Law § 50-e (1) (b) (*Pedrero v Moreau*, 81 NY2d 731 [1992]; *see Campanelli v Flushing Ultrasound Servs.*, 287 AD2d 428, 430 [2d Dept 2001], *lv dismissed* 98 NY2d 692 [2002]; *cf. Ayers v Mohan*, 145 AD3d 553 [1st Dept 2016] [the defendants failed to establish that a notice of claim upon a public benefit corporation (which does not fall within the ambit of General Municipal Law § 50-d) was required]). Since plaintiffs failed to serve a timely notice of claim upon the County, Supreme Court correctly dismissed the amended complaint as against the doctor (*Pedrero*, 81 NY2d at 733).

We have considered the remaining arguments and find them unavailing. Concur—Sweeny, J.P., Moskowitz, Kahn and Gesmer, JJ.