HSBC Bank USA, N.A. v Fortini (2020 NY Slip Op 07873)





HSBC Bank USA, N.A. v Fortini


2020 NY Slip Op 07873


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-01775 
2019-01776
 (Index No. 520835/16)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
James Fortini, etc., et al., defendants, Courtwood Capital, LLC, appellant.


Einig & Bush LLP, New York, NY (Dan Rice and Michael R. Bush of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Richard P. Haber of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Courtwood Capital, LLC, appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated January 2, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and denied that defendant's cross motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute or, in the alternative, in effect, pursuant to CPLR 3124 to compel disclosure. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Courtwood Capital, LLC, to strike that defendant's answer, and to appoint a referee to compute the amount due to the plaintiff.
ORDERED that the first order dated January 2, 2019, is modified, on the law, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Courtwood Capital, LLC, and for an order of reference, and substituting therefor a provision denying those branches of the plaintiff's motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendant Courtwood Capital, LLC, which was, in effect, pursuant to CPLR 3124 to compel disclosure; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Kings County, for a new determination of that branch of the cross motion of the defendant Courtwood Capital, LLC, which was, in effect, pursuant to CPLR 3124 to compel disclosure; and it is further,
ORDERED that the second order dated January 2, 2019, is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Courtwood Capital, LLC, to strike that defendant's answer, and to appoint a referee to compute the amount due to the plaintiff are denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant Courtwood Capital, LLC.
The plaintiff commenced this action to foreclose a mortgage on real property owned by the defendant Courtwood Capital, LLC (hereinafter the defendant). The plaintiff moved for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated December 26, 2017, the Supreme Court denied the plaintiff's motion. The court found a triable issue of fact existed as to whether the note and mortgage had been superseded by a loan modification, based upon the averment of the plaintiff's former counsel, in support of the voluntary discontinuance of a prior foreclosure action, that the loan had been modified.
The plaintiff thereafter moved again, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, submitting an affidavit of an employee of its loan servicer attesting that a review of the servicer file confirmed that there was no loan modification, with an attached payment history. The defendant cross-moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute or, in the alternative, in effect, pursuant to CPLR 3124 to compel disclosure. In an order dated January 2, 2019, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. In a second order of the same date, the court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to compute the amount due to the plaintiff. The defendant appeals.
The Supreme Court providently exercised its discretion in denying that branch of the defendant's cross motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute (see CPLR 3216[a]; Western Union N. Am. v Chang, 176 AD3d 1138, 1139). Although the plaintiff failed to comply with the demand for a note of issue, or move to vacate the demand or to extend the 90-day period (see HSBC Bank USA, N.A. v Williams, 177 AD3d 950, 952), the plaintiff established a reasonable excuse for its failure to comply with the demand, in that it moved for summary judgment on the complaint within the 90-day period (see CPLR 3216[e]; Baczkowski v Collins Constr. Co., 89 NY2d 499, 503-505; see generally S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 341). There was no evidence of a pattern of neglect, and the pendency of the plaintiff's summary judgment motion "'negated any inference that the plaintiff intended to abandon [its] action'" (Davis v Goodsell, 6 AD3d 382, 384, quoting Martinisi v Cornwall Hosp., 177 AD2d 549, 551; see Angamarca v 47-51 Bridge St. Prop., LLC, 167 AD3d 559, 560). Additionally, the plaintiff demonstrated a meritorious cause of action for the purposes of avoiding dismissal (see generally Rugieri v Bannister, 22 AD3d 299, 302, mod 7 NY3d 742).
Under the circumstances of this case, the Supreme Court providently exercised its discretion in entertaining the plaintiff's successive motion for summary judgment (see Cioffi v S.M. Foods, Inc., 178 AD3d 1006, 1012; Kolel Damsek Eliezer, Inc. v Schlesinger, 139 AD3d 810, 811). In any event, "as an appellate court, [this Court is] not precluded from addressing the merits of the motion" (Sexstone v Amato, 8 AD3d 1116, 1117 [internal quotation marks omitted]; see Town of Angelica v Smith, 89 AD3d 1547, 1549; McIvor v Di Benedetto, 121 AD2d 519, 522).
Upon consideration of the merits, however, we agree with the defendant that the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against it, to strike its answer, and for an order of reference. Contrary to the defendant's contention, the doctrine of judicial estoppel does not preclude the plaintiff from arguing that there was no loan modification (see Ghatani v AGH Realty, LLC, 181 AD3d 909, 911-912; Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d 558, 560). However, the averment of the plaintiff's former counsel, in support of the voluntary discontinuance of the prior foreclosure action, that the loan had been modified, constituted an informal judicial admission by the plaintiff of that fact (see Michigan Natl. Bank-Oakland v American Centennial Ins. Co., 89 NY2d 94, 103; People v Brown, 98 NY2d 226, 232 n 2; Rosales v Rivera, 176 AD3d 753, 755). Informal judicial admissions are not conclusive, but are evidence of the fact admitted (see Michigan Natl. Bank-Oakland v American Centennial Ins. Co., 89 NY2d at 103; People v Rivera, 45 NY2d 989, 991; Rosales v Rivera, 176 AD3d at 755).
On its motion, the plaintiff failed to proffer any evidence to explain the alleged error of its former counsel in a manner which would negate the probative value of his statement as an [*2]informal judicial admission. Accordingly, even assuming that the plaintiff's submissions were otherwise sufficient to demonstrate, prima facie, the absence of a loan modification (see generally CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205; Rosales v City of New York, 221 AD2d 329, 329-330), the former counsel's admission raised a triable issue of fact as to the existence of a loan modification, which precluded summary judgment (see Ayers v Mohan, 154 AD3d 411, 412; Matter of Home of Histadruth Ivrith, Inc. v State Facilities Dev. Corp., 114 AD2d 200, 204-205; cf. EMC Mortg. Corp. v Riverdale Assocs., 291 AD2d 370, 370).
Inasmuch as the Supreme Court's denial of that branch of the defendant's cross motion which was, in effect, pursuant to CPLR 3124 to compel disclosure appears to have been premised on its granting of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and an order of reference, we remit the matter to the Supreme Court, Kings County, for a new determination of the branch of the defendant's cross motion which was to compel disclosure (see Bank of N.Y. Mellon v Gordon, 171 AD3d at 212).
RIVERA, J.P., AUSTIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court