LoRusso v DeLuca (2022 NY Slip Op 02260)

LoRusso v DeLuca

2022 NY Slip Op 02260

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2019-07283
 (Index No. 606736/16)

[*1]Robert LoRusso, appellant, 
v
Mario DeLuca, etc., et al., respondents.

Mark E. Goidell, Garden City, NY, for appellant.
Gershin, Ziegler & Amicizia, P.C., Smithtown, NY (Vincent M. Amicizia of counsel), for respondent Mario DeLuca.
Aaron S. Kaufman, Commack, NY, for respondent Louis DeLuca.

DECISION & ORDER
In an action, inter alia, to recover on a promissory note, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (John R. Rouse, J.), dated May 3, 2019. The order and judgment, insofar as appealed from, (1) granted the motion of the defendant Louis DeLuca pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him and pursuant to, inter alia, 22 NYCRR 202.27(b) to sever his counterclaims, (2) granted the cross motion of the defendant Mario DeLuca pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him, pursuant to, inter alia, 22 NYCRR 202.27(b) to sever his counterclaim, and for judgment as a matter of law on his counterclaim to cancel and discharge of record a certain mortgage, (3) dismissed the complaint, and (4) directed the Suffolk County Clerk to cancel and discharge of record the mortgage.
ORDERED that the order and judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the motion of the defendant Louis DeLuca pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him and pursuant to, inter alia, 22 NYCRR 202.27(b) to sever his counterclaims is denied, and the cross motion of the defendant Mario DeLuca pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him, pursuant to, inter alia, 22 NYCRR 202.27(b) to sever his counterclaim, and for judgment as a matter of law on his counterclaim to cancel and discharge of record a certain mortgage is denied.
On or about April 26, 2016, the plaintiff commenced this action against the defendants Mario DeLuca (hereinafter Mario) and Louis DeLuca (hereinafter Louis), individually and as executors of the estate of Carmelo DeLuca (hereinafter the decedent), to recover on a promissory note that had been executed by the decedent prior to her death. Issue was joined as of March 2017. By order dated June 1, 2018, the Supreme Court, sua sponte, issued a written demand for the plaintiff to serve and file a note of issue within 90 days. The plaintiff did not file a note of issue within the 90-day period. By notice of motion dated December 4, 2018, Louis moved pursuant to CPLR 3216(e) to dismiss the complaint insofar as asserted against him based on neglect to prosecute and pursuant to, inter alia, 22 NYCRR § 202.27(b) to sever his counterclaims. Thereafter, by notice of cross motion dated January 14, 2019, Mario moved pursuant to CPLR 3216(e) to dismiss the complaint insofar as asserted against him based on neglect to prosecute, pursuant to, inter [*2]alia, 22 NYCRR § 202.27(b) to sever his counterclaim, and for judgment as a matter of law on his counterclaim to cancel and discharge of record a certain mortgage on real property located in Suffolk County which secured the promissory note. The plaintiff opposed the motion and the cross motion. In an order and judgment dated May 3, 2019, the Supreme Court, inter alia, granted Louis's motion and Mario's cross motion, and directed the Suffolk County Clerk to cancel and discharge of record the mortgage. The plaintiff appeals.
Where a plaintiff fails to file a note of issue within the 90-day period, "the court may take such initiative or grant such motion [to dismiss] unless the [defaulting] party shows justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216[e]). CPLR 3216 is "extremely forgiving of litigation delay" (Baczkowski v Collins Constr. Co., 89 NY2d 499, 503), "'in that it never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed'" (Bank of Am., N.A. v Nicolosi, 200 AD3d 1018, 1021, quoting Altman v Donnenfeld, 119 AD3d 828, 828 [internal quotation marks omitted]). "If [the] plaintiff makes a sufficient showing, the court is prohibited from dismissing the action" (Baczkowski v Collins Constr. Co., Inc., 89 NY2d at 503).
Here, under the unique circumstances of this case, the plaintiff met his burden of demonstrating both a justifiable excuse for his failure to file a note of issue within 90 days of the demand (see CPLR 3216[e]; Pastore v Golub Corp., 184 AD2d 827, 827-828) and a potentially meritorious cause of action (see CPLR 3216[e]; Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 122 AD3d 789, 789-790).
The parties' remaining contentions are either without merit or need not be reached in light of our determination.
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court