James B. Nutter & Co. v Hutson (2025 NY Slip Op 04557)

James B. Nutter & Co. v Hutson

2025 NY Slip Op 04557

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2022-07789
 (Index No. 708474/14)

[*1]James B. Nutter & Company, respondent, 
v
Philip Hutson, etc., et al., defendants; Citi Land Services, LLC, nonparty-appellant.

Steve Okenwa, P.C., Brooklyn, NY, for nonparty-appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and D. Michael Roberts of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, nonparty Citi Land Services, LLC, appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered August 9, 2022. The order, insofar as appealed from, upon granting that branch of the cross-motion of nonparty Citi Land Services, LLC, which was to substitute it in place of the defendants Philip Hutson and Sean Hutson, denied those branches of the cross-motion of nonparty Citi Land Services, LLC, which were pursuant to CPLR 3216 and 3215(c) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2008, Kenneth Hutson (hereinafter the borrower) executed a home equity conversion note, which was secured by a reverse mortgage encumbering certain real property located in Queens. The borrower died on June 11, 2014.
On November 12, 2014, the plaintiff commenced this action, inter alia, to foreclose the mortgage against, among others, the defendants Philip Hutson and Sean Hutson, who were both served with the summons and complaint on November 18, 2014. Thereafter, Philip filed a petition for letters of administration of the borrower's estate, which was granted in a decree dated December 2, 2015. In his capacity as administrator of the borrower's estate, Philip conveyed the property to Citi Land Services, LLC (hereinafter Citi), by deed dated November 28, 2016. Also on November 28, 2016, Sean assigned his interest in the property to Citi.
In March 2020, court closures and foreclosure moratoriums were put in place due to the COVID-19 pandemic. The plaintiff, as the holder of a mortgage insured by the Federal Housing Administration, was subject to a federal COVID-19 foreclosure moratorium in place from March 2020 through July 31, 2021. On May 11, 2021, Philip sent a 90-day notice to the plaintiff's attorneys demanding that they resume prosecution of the action by filing a note of issue within 90 days of receipt of the letter, or Philip would move for dismissal for unreasonably neglecting to proceed. On November 8, 2021, the plaintiff filed a motion, inter alia, for summary judgment on the amended complaint insofar as asserted against Philip and for leave to enter a default judgment against the [*2]remaining defendants. The motion was subsequently withdrawn. Sean cross-moved pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against him as abandoned. Philip cross-moved pursuant to CPLR 3216 to dismiss the amended complaint insofar as asserted against him. The plaintiff cross-moved to substitute Citi in place of Philip. Citi cross-moved to substitute it in place of Philip and Sean and, thereupon, pursuant to CPLR 3216 and 3215(c) to dismiss the amended complaint insofar as asserted against it. In an order entered August 9, 2022, the Supreme Court, among other things, granted that branch of Citi's cross-motion which was to substitute it in place of Philip and Sean and, thereupon, denied those branches of Citi's cross-motion which were pursuant to CPLR 3216 and 3215(c) to dismiss the amended complaint insofar as asserted against it. Citi appeals.
"Pursuant to CPLR 3216(b), an action cannot be dismissed pursuant to CPLR 3216(a) 'unless a written demand is served upon the party against whom such relief is sought in accordance with the statutory requirements'" (Bank of N.Y. Mellon v Buxbaum, 231 AD3d 784, 785 [internal quotation marks omitted], quoting Cadichon v Facelle, 18 NY3d 230, 235; see CPLR 3216[b][3]). Where a plaintiff fails to file a note of issue within the 90-day period, "the court may take such initiative or grant such motion [to dismiss] unless the [defaulting] party shows justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216[e]).
"CPLR 3216 is extremely forgiving of litigation delay, in that it never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (LoRusso v DeLuca, 204 AD3d 660, 661 [citation and internal quotation marks omitted]; see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503; Bank of Am., N.A. v Nicolosi, 200 AD3d 1018, 1021). "If [the] plaintiff makes a sufficient showing, the court is prohibited from dismissing the action" (LoRusso v DeLuca, 204 AD3d at 661 [internal quotation marks omitted]). "[P]ublic policy strongly favors the resolution of actions on the merits whenever possible" (Krause v Lobacz, 131 AD3d 1128, 1129 [internal quotation marks omitted]; see Chase Home Fin., LLC v Shoumatoff, 192 AD3d 1352, 1354).
Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of Citi's cross-motion which was pursuant to CPLR 3216 to dismiss the amended complaint insofar as asserted against it. Although the plaintiff failed to comply with Philip's demand to file a note of issue (see HSBC Bank USA, N.A. v Fortini, 189 AD3d 1373, 1375; HSBC Bank USA, N.A. v Williams, 177 AD3d 950, 952), the plaintiff established a reasonable excuse for its failure to comply with the demand. The 90-day notice was served on May 11, 2021. The federal COVID-19 foreclosure moratorium to which the plaintiff was subject was in place from March 2020 through July 31, 2021. The plaintiff's motion, inter alia, for summary judgment on the amended complaint insofar as asserted against Philip was filed shortly after the moratorium was lifted. There was no evidence of a pattern of neglect, and the pendency of the plaintiff's motion "'negated any inference that the plaintiff intended to abandon [the] action'" (HSBC Bank USA, N.A. v Fortini, 189 AD3d at 1373 [internal quotation marks omitted], quoting Davis v Goodsell, 6 AD3d 382, 384). Additionally, the plaintiff demonstrated a meritorious cause of action.
The parties' remaining contentions are either without merit or academic in light of the substitution of Citi for both Philip, who answered the amended complaint, and Sean, who defaulted.
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court